UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:19-CV-24122

HERIBERTO PUIG ORTEGA,

    Plaintiff,

vs.

TRANS FLORIDA DEVELOPMENT CORP. and
AQUILINO MELO,

    Defendants.

_____/

## **COMPLAINT**

    Plaintiff, Heriberto Puig Ortega, sues Defendants, Trans Florida Development Corp. and Aquilino Melo, based on the following good cause:

### *Parties, Jurisdiction, and Venue*

1.    **Plaintiff, Heriberto Puig Ortega**, was and is a resident of Miami-Dade County, Florida, at all times material, and he is *sui juris*.

2.    Plaintiff was a non-exempt employee of Defendants.

3.    Plaintiff consents to join in this lawsuit.

4.    **Defendant, Trans Florida Development Corp.,** is a *sui juris* Florida for-profit corporation with its principal place of business and registered agent in this District and it conducts its for-profit business in Miami-Dade County.

5.    **Defendant, Aquilino Melo**, was at all material times a resident of this District; he was and is a manager, owner, officer, director, and/or operator of the corporate Defendant for the relevant time period. He ran its day-to-day operations and was partially or totally

1

responsible for paying Plaintiff's wages.

6.      Defendants were direct employers, joint employers and co-employers for purposes of the FLSA, as that term "employer" is defined by 29 U.S.C. §203 (d).

7.      All Defendants employed the Plaintiff.

8.      This Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 and supplemental/pendent jurisdiction over Plaintiff's related state law claim(s).

9.      Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because the corporate Defendant maintains its principal place of business in this District, and because most if not all of the operational decisions were made in this District, while Plaintiff worked in Miami-Dade County, where payment was to be received.

### *Background Facts*

10.     Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

11.     Defendants have been at all times material engaged in interstate commerce in the course of their provision of construction, debris hauling, and related services which, traditionally, cannot be performed without using goods, materials, supplies, and equipment that have all moved through interstate commerce.

12.     Defendants engage in interstate commerce in the course of their submission of billings and receipt of payment involving out-of-state payors.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

13.     Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

14.     Plaintiff worked for Defendants from July 25, 2018 through and including October __, 2019.

15.     Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while he worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants.

16.     Plaintiff worked for Defendants as a "driver" who hauled sand, limerock, and other sediment from one or more locations in South Florida to one or more other locations within South Florida, making his travel entirely within the State of Florida.

17.     During this time, Plaintiff regularly and routinely utilized vehicles, cellular telephones, fuel, oil, and other goods and supplies that moved through interstate commerce.

18.     To the extent that records exist regarding the exact dates of Plaintiff's employment, such records are in Defendants' exclusive custody.

19.     Any/all conditions precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

20.     Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## COUNT I – FLSA OVERTIME VIOLATION

Plaintiff reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

21.     Plaintiff and Defendants agreed to pay Plaintiff an hourly rate of $12.50/hour.

3

22.    Plaintiff regularly arrived at around 5:30 a.m. at Defendants' yard to perform a required pre-trip safety inspection of the vehicle he was going to drive.

23.    Plaintiff would then perform this pre-trip inspection for approximately 20 to 30 minutes before leaving Defendants' yard at 6:00 a.m.

24.    Defendants did not pay Plaintiff for the time he worked prior to leaving their yard.

25.    Defendants also deducted 30 minutes for a lunch/meal break for each day that Plaintiff worked, even though he was not relieved of all work duties during this automatically deducted meal break.

26.    Plaintiff routinely worked in excess of 40 hours per week without receipt of overtime pay at a rate of one and one-half times his regular rate of pay for all hours worked beyond 40 in a workweek.

27.    Defendants failed and refused to pay Plaintiff overtime wages calculated at time and one-half of his regular hourly rate of pay per hour for all hours worked over 40 hours in a given workweek.

28.    Defendants willfully and intentionally refused to pay Plaintiff wages at a rate of one and one-half times his regular rate of pay for each of the overtime hours he worked during the relevant time period.

29.    Defendants either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours he worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendant were not required to pay him overtime, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff of the overtime pay earned.

30.    Plaintiff is entitled to a backpay award of overtime wages for all overtime hours

4

worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Heriberto Puig Ortega, demands the entry of a judgment in his favor and against Defendants, Trans Florida Development Corp., Aquilino Melo and Manuel Melo, jointly and severally, after trial by jury and as follows:

a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b) – or interest on the unpaid wages if no liquidated damages are awarded;

b. That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

d. That Plaintiff recover all interest allowed by law;

e. That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

f. That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

g. Such other and further relief as the Court deems just and proper.

## COUNT II – RETALIATORY DISCHARGE IN VIOLATION OF THE FLSA

Plaintiff reincorporates and re-alleges paragraphs 1 through 20 as though set forth fully herein and further alleges as follows:

31. Plaintiff had an exemplary employment history with Defendants.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
Tel 305.230.4884   Fax 305.230.4844
www.fairlawattorney.com

32.     Plaintiff then objected and/or complained to Defendants about their failure to pay him overtime pay calculated at one and one-half times his regular rate of pay for all of the hours that he was working beyond 40 hours in a workweek.

33.     Plaintiff last objected and/or complained to Defendants on September 26, 2019.

34.     Within the ensuing week, Defendants retaliated against Plaintiff by terminated his employment as a result of his objection(s)/complaint(s) about not being paid overtime wages for all of the overtime that he worked.

35.     Section 215(a)(3) of 29 U.S.C. makes it unlawful for an employer to retaliate against an employee who seeks to enforce her rights under the FLSA.

36.     Defendants violated 29 U.S.C. §215(a)(3) of the FLSA and showed reckless disregard for the provisions of the FLSA concerning retaliation by taking adverse actions against Plaintiff because he objected/complained about not receiving overtime pay for all of the overtime hours that he worked.

37.     Plaintiff suffered the loss of his job, his income, his identity, and suffered emotionally losses as a direct and proximate result of Defendants' retaliatory conduct.

WHEREFORE Plaintiff, Heriberto Puig Ortega, demands the entry of a judgment in his favor and against Defendants, Trans Florida Development Corp., Aquilino Melo and Manuel Melo, jointly and severally, after trial by jury and as follows:

a.     That Plaintiff recover compensatory damages for compensatory/actual damages including lost wages, lost opportunity to earn wages, future lost wages, and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

6

b.    That Plaintiff recover prejudgment interest if the Court does not award liquidated damages;

c.    That Plaintiff recover for the mental anguish and distress caused by Defendants' retaliatory conduct;

d.    That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

e.    That Plaintiff recover all interest allowed by law; and

f.    Such other and further relief as the Court deems just and proper.

## COUNT III – VIOLATION OF THE FLORIDA WHISTLEBLOWER'S ACT

Plaintiff reincorporates and re-alleges paragraphs 1 through 20 as though set forth fully herein and further alleges as follows:

38.    Plaintiff had an exemplary employment history with Defendants.

39.    Plaintiff "perform[ed] services for and under the control and direction of an employer for wages or other remuneration," for Defendants, and so Plaintiff was an employee of Defendants at all times material, as the term "employee" is defined by Fla. Stat. §448.101(2).

40.    Defendants were at all times material a "private individual, firm, partnership, institution, corporation, or association that employs ten or more persons," and so Defendants were Plaintiff's employer, as the term "employer is defined by Fla. Stat. §448.101(3).

41.    Plaintiff complained to Defendants about his reasonable and good faith belief that they were violating his FLSA rights by failing to pay him all of the overtime wages that he earned.

42.    The FLSA is a "law, rule, or regulation" as the term is defined by Fla. Stat. §448.101(4) ("includes any statute or ordinance or any rule or regulation adopted pursuant to any

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

federal, state, or local statute or ordinance applicable to the employer and pertaining to the business.")

43.     Defendants also instructed Plaintiff that he would be required to complete one additional round trip delivery per day and that he would be required to haul more than 18 tons, during each trip.

44.     Plaintiff also objected/complained to Defendants that he could not haul more than 18 tons in the truck, because the limit imposed by the Department of Transportation was 18 tons for that truck.

45.      Plaintiff also objected/complained to Defendants that performing more than 5 trips in a day would require Plaintiff to drive in excess of the posted speed limit(s) along the route(s) he drove.

46.     Chapter 316, Florida Statutes, is a "law, rule, or regulation" as the term is defined by Fla. Stat. §448.101(4) ("includes any statute or ordinance or any rule or regulation adopted pursuant to any federal, state, or local statute or ordinance applicable to the employer and pertaining to the business.") that requires drivers to comply with the posted speed limit(s), to not overload their vehicles, and to drive in a safe manner.

47.     Defendants disregarded the law and retaliated against Plaintiff shortly after they he objected/complained about (a) not receiving overtime for all of the overtime hours he worked, (b) being required to drive in excess of the posted speed limit(s), and (c) being required to haul in excess of what he could legally and safely haul.

48.     By initiating adverse employment actions against Plaintiff as aforesaid, Defendants violated the Florida Whistleblower Act.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

49.     Plaintiff was damaged and suffered a loss of his benefits, seniority rights, wages, and other remuneration as a direct and proximate result of Defendants' retaliatory conduct.

WHEREFORE Plaintiff, Heriberto Puig Ortega, demands the entry of a judgment against Defendants, Trans Florida Development Corp., Aquilino Melo and Manuel Melo, jointly and severally, after trial by jury for compensatory damages including her lost benefits, lost seniority rights, lost wages past and future, lost benefits, and other remuneration (including paid time off), reinstatement to the same or equivalent position, attorneys' fees pursuant to Fla. Stat. §448.103, costs, all interest allowed by law, and for such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.


Dated this 7th day of October 2019.

Respectfully Submitted,


s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
FAIRLAW FIRM
7300 N. Kendall Drive
Suite 450
Miami, FL 33156
Tel:     305.230.4884
*Counsel for Plaintiff*